UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMITRI SUPER,<br><br>Defendant. | CASE NO. 3:23-cr-05233-BHS<br><br>ORDER |

This matter is before the Court on Defendant Demitri Super's Motion to Revoke the Detention Order. Dkt. 19. The Court considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I. BACKGROUND**

On July 25, 2023, investigating agents executed a search warrant at Super's home and subsequently arrested him on allegations of producing child pornography. Dkt. 1. Foreign law enforcement contacted U.S. law enforcement earlier that month with a child sexual abuse video recovered from an offender in that country. The video, a 20-minute screen recording of a Skype video chat from April 2020, shows an adult male sexually

ORDER - 1

assaulting an approximately one-year-old boy. Federal law enforcement identified Super as the adult male. Dkt. 1 at 6. During the search of his home, Super agreed to a post-*Miranda*[1] interview in which he acknowledged he was the adult male in the video. *Id*. Super declined to identify the toddler. His wife identified the toddler as Super's nephew, the son of his older sister. Dkt. 1 at 7. The Government charged Super by indictment with one count of production of child pornography under 18 U.S.C. § 2251(a), (e). Dkt. 12.

On July 31, Magistrate Judge J. Richard Creatura held a contested detention hearing. Dkt. 10. The Government and U.S. Pretrial Services urged detention. Super and his family proposed various conditions for pretrial release. After hearing argument from the parties and statements from members of Super's family, Judge Creatura ordered Super detained. Dkt. 11. Judge Creatura concluded that, despite support from Super's family, there was no condition or combination of conditions that could "adequately protect those children that he is ultimately going to have contact with." Dkt 19-1 at 36. Judge Creatura emphasized that Super's living situation was "completely unstable," particularly given his recent loss of employment. *Id*. at 35. Judge Creatura found that Super successfully met his burden to produce evidence sufficient to overcome the statutory presumption in favor of detention, Dkt. 11 at 2, but nevertheless ruled that the Government met its burden of persuasion by providing clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community. *Id*.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Super moves to revoke the detention order. Dkt. 19.[2] In terms of flight risk, he asserts that his strong ties to the community and lack of a passport demonstrate that he will not flee. *Id*. at 6. In terms of risk to the community, he maintains that he does not currently pose any threat. *Id*. at 7. He asserts that the "charge is based on a single incident of alleged misconduct that occurred over three years ago" and stresses that he "has no criminal history and there are no other allegations against Mr. Super of any kind." *Id*. He emphasizes the positive changes he has made since the alleged conduct in the video, including his recent sobriety and having children. *Id*. He presents data showing that recidivism rates among sexual offenders is "relatively low" and argues that he does "not fit the profile of a repeat sex offender." *Id*. at 8, 10.

Even if this Court finds Super poses a threat, Super argues that supervision and release conditions can reasonably assure the safety of the community. He proposes three pretrial residency plans and conditions for the Court to consider:

    (1) Super would return home to live with his wife, his children, and the extended family members who reside in his home. Dkt. 19 at 4.

    (2) Super would move into his parents' home with his parents and his fifteen-year-old sister. *Id*.

    (3) Super would return to his home, but his wife, children, and seventeen-year-old nephew would move into his parents' home. *Id*.

---

[2] Super's motion for leave to file an over-length brief, Dkt. 18, is GRANTED.

ORDER - 3

Under any of the three plans, Super contends that he would never be unsupervised with the minor children in his family and would have no contact with any other minors. *Id*. at 12. Additionally, Super's parents are willing to act as third-party custodians. *Id*. Super assures this Court of his willingness to submit to device monitoring and "any conditions imposed by the court." *Id*.

The Government opposes release. It argues that the mandatory minimum of fifteen years of imprisonment for the offense is strong incentive to flee. Dkt. 20 at 7. Addressing risk to the community, the Government contends that it is "impossible to overstate" the risk Super poses. *Id*. It argues that, even if release conditions were successful preventing Super from physical access to minors, he could easily consume or solicit child pornography online with a device unknown to pretrial services. *Id*. at 9. It urges this Court to consider not only the probability that Super could re-offend on release, but also the gravity of harm that will ensue if he sexually assaults or exploits a minor. *Id*. at 9. The Government contends that Super's lack of criminal history is more likely the result of not having been caught rather than evidence that he has never engaged in criminal behavior involving child sexual abuse before the conduct alleged here. *Id*. at 8. It argues that his family and community support did not stop him from sexually assaulting and exploiting a minor member of his family and that there is no reason to believe they will impede misconduct on release. *Id*. at 8. In sum, the Government argues that no release conditions can reasonably assure community safety. *Id*.

## II.  DISCUSSION

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). The district court makes its own "de novo" determination of facts, "whether different from or an adoption of the findings of the magistrate." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). Furthermore, "the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate." *Id*. Because neither party presents new evidence here, this Court declines to hold an evidentiary hearing.

The Bail Reform Act (BRA), 18 U.S.C. § 3142, governs this pretrial detention. A court assesses two primary risks when determining whether to detain a defendant before trial: risk of flight and risk of danger to the community. 18 U.S.C. § 3142(f). The BRA imposes a rebuttable presumption of detention for those charged with an offense involving a minor. 18 U.S.C. § 3142(e)(3). All parties agree that this presumption applies here. Accordingly, Super bears the burden of producing evidence that he is not a flight risk or a danger to the community. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The burden of persuasion remains with the Government. *Id*. If the defense successfully meets its burden of production, the Government must then prove that the defendant poses a flight risk by a preponderance of the evidence or that the defendant poses an unmanageable risk of danger to the community by clear and convincing

evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(f).

This Court adopts Judge Creatura's conclusion that Super successfully satisfied his burden of production. Super produced evidence that he lacks a passport and has substantial ties to the community, including evidence that his family resides here and that he owns a local residence. Dkt. 19 at 6. He similarly provided evidence showing his lack of risk to the community, including evidence of his recent sobriety, lack of criminal history, and family support. Dkt. 19 at 7–13. He proposed plans for third-party custodians and a willingness to submit to various pretrial release conditions to reasonably assure the safety of the community from any risk that this Court may find he poses. *Id*. at 13. Accordingly, the Court turns to whether the Government satisfies its burden of proving that Super poses a flight risk by a preponderance of the evidence or that no conditions of release will reasonably assure the safety of the community by clear and convincing evidence.

Beginning with flight risk, the Court finds by a preponderance of the evidence that Super is a risk to flee if released. Although his ties to the community are substantial, so too is the mandatory minimum sentence of 15 years of imprisonment that he would face if convicted. Indeed, the statute imposes a presumption of detention for crimes of violence for which a maximum term of imprisonment of 10 years or more is prescribed. 18 U.S.C. § 3142(e)(2). That presumption applies here.[3] *See also* Dkt. 11 at 1. In sum, the

---

[3] Super now additionally faces charges from the State of Washington, specifically four counts of child molestation in the first degree and one count of attempted rape of a child in the first degree

mandatory minimum sentence in combination with the video evidence of the offense conduct and Super's admission to the conduct therein establish a likelihood of flight by a preponderance of the evidence. The Court finds that there are no set of conditions of release, such as location monitoring which can be easily defeated by someone determined to flee, that would reasonably assure his presence in court.

The Court additionally finds that no set of conditions could reasonably assure the safety of community. Section 3142(g) requires courts to consider various factors in determining whether there are conditions of release that will reasonably assure both the appearance of the defendant and the safety of the community. These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics including physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Gebro*, 948 F.2d at 1121. Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986). The Court assesses each § 3142(g) factor in turn.

---

in Pierce County Superior Court Cause No. 23-1-02512- 3. Dkt. 22. This Court does not require additional details on the State charges to reach the conclusion that the existence of these State charges increases the incentive to flee.

ORDER - 7

**(1) The nature and seriousness of the offense charged**

The seriousness of the offense charged cannot be overstated. Harm caused by sexual abuse and exploitation of minor children is incalculable. Moreover, where the victim is a toddler who does not yet have the ability to articulate what happened much less defend himself, the offense is particularly difficult to both prevent and discover.

**(2) Weight of the evidence against the defendant**

The Government possesses recorded video evidence of the alleged crime where both Super and his infant nephew are clearly identifiable. Dkt. 20 at 7. Super additionally made a post-*Miranda* admission that he is the adult in the video. *Id*. Super correctly observes that the Court is to give the weight of the evidence the least weight in assessing the § 3142(g) factors. *Winsor*, 785 F.2d at 757. The Court cannot and will not use the strength of this evidence to make a pretrial determination of guilt. *Id*. Nevertheless, the evidence here is both relevant and necessary to assess what risk he poses to the community and the risk of flight. *Hir*, 517 F.3d at 1090. The conduct in the video and Super's admission to being the adult therein demonstrate the risk he poses to minors in his family and in the community. The Court is not persuaded by Super's arguments that he does not pose a risk to the safety of other minors because the video is three years old and there is no evidence of later misconduct. Dkt. 19 at 7. The video demonstrates not only Super's willingness to engage in sexual misconduct with toddlers, but also his knowledge of online communities that prey on and produce such material. Consequently, the strength of the evidence demonstrates that Super poses a risk to the public.

| | |
|---|---|
| 1 | **(3) Defendant's history and characteristics** |

2   Super's recent progress in getting sober and investing time with his new family
3   and his church community weigh against detention and demonstrate his potential for
4   rehabilitation. His lack of criminal history however is rendered less persuasive by the
5   demographics of the alleged victim: a toddler who did not yet possess the power of
6   speech. His lack of criminal record with child pornography could be a consequence of
7   avoiding detection of prior wrongdoing. The abuse of toddlers presents an obvious
8   difficulty for investigators, given that toddlers often cannot understand nor express the
9   abuse they experience. The Government persuasively argues that, although the alleged
10  rape in the video would constitute Super's first criminal offense, it is a grievous one and
11  it therefore weighs in favor of detention. Dkt. 20 at 8.

**(4) Nature and seriousness of the danger to the community posed by release**

13  This factor again requires this Court to consider the unique vulnerability of child
14  victims of sexual assault. Where, as here, the victim was too young to possess the power
15  of speech to articulate the abuse he experienced, the Court must consider how to protect
16  similarly situated victims from abuse or exploitation. In the video Super demonstrated his
17  willingness to produce child pornography online and it is a logical conclusion that he
18  knows how to solicit or consume such content. This Court rejects Super's argument that
19  "[t]he government did not identify any specific children that Mr. Super poses a specific
20  and articulable danger to, nor provide an explanation of how Mr. Super might encounter
21  them." Dkt. 19 at 9. The statute requires the Court to consider "the safety of any other
22  person *or the community*." 18 U.S.C. § 3142. The fact that the video was streamed over

the internet and recovered in a foreign country demonstrates that the "community" vulnerable to Super's willingness to participate in internet child pornography stretches well beyond the minors in his own family or Pierce County. And the "articulable risk" to children is not limited to Super himself physically abusing them, but his willingness to solicit or consume similar material. The harm to children and the community from such conduct is incalculable. This factor weighs heavily in favor of detention.

The Court is convinced that Super poses a substantial risk to some of the most vulnerable members of our community. It must now consider whether any condition or combination of conditions can reasonably assure the safety of any other person or the community. The Court rejects the first two release scenarios proposed by Super because they include him cohabitating with minor children in his family. Dkt. 19 at 4. Two of those minors, Super's own children, are similar ages to the child in the video, and possess similar vulnerabilities with their lack of speech. Dkt. 19 at 2. Even the third scenario, which has Super living alone in his own home and displacing his wife and children is insufficient to ensure the safety of others or the community. It lacks the necessary supervision to ensure that Super does not have access to children physically or online. Although the Court recognizes that Super's parents would make a good faith effort to dutifully serve as third-party custodians, it is not satisfied that they are able to carry out those duties. Super, his parents, and the alleged victim are all members of the same family. The risk of competing familial interests is too great and the unique vulnerabilities of children too grievous for the Court to release Super subject to his parents' supervision.

Even if pretrial conditions were successful in keeping Super physically away from children, it is likely not sufficient to keep him offline and unable to access websites where he could solicit or consume child pornography. Furthermore, the Court is unconvinced that releasing Super will help his family's financial stability. He has recently lost his job and there is insufficient evidence that he is likely to find stable employment or be able to pay his mortgage pending trial.

The Court concludes that there is no condition or combination of conditions that will reasonably assure the appearance of Super or the safety of any other person or the community.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Super's motion to revoke detention, Dkt. 19, is **DENIED**.

Dated this 13th day of September, 2023.

BENJAMIN H. SETTLE
United States District Judge